### Johanna Krohn v. Charles Krohn.

#### No. 393.

**1. Husband's Separate Property—Annuity.**—Charles Krohn and his first wife conveyed certain city property, the vendees agreeing to pay $100 per month to Krohn and wife, and to the survivor. The wife died. Krohn married again and abandoned the second wife. She obtained a decree of divorce. It appeared that during their married life the husband had bought a home with proceeds of the annuity. *Held*, that the money so received, as well as property in which part of it was invested, is Krohn's separate property. So, whether it be treated as purchase money or an annuity. It was acquired by him before marriage with plaintiff, and could not be acquests and gains of the marital partnership.

**2. Construction of Conveyance.**—See conveyance upon conditions construed.

Error from Travis. Tried below before Hon. W. M. Key.

The opinion sufficiently discloses the facts passed upon and the questions involved.

*John Dowell*, for plaintiff in error.—The court erred in holding that the $100 per month, which defendant had collected up to the date of the trial of the cause, and was collecting at the date of such trial, from R. Bertram and others, under contract between the defendant and them, dated the 2nd of March, 1878, a copy of which is attached to the findings of fact in this cause, was the separate property of the defendant, and that

plaintiff had no interest in the same; because the same was property acquired after the marriage of plaintiff and defendant, was revenue and profit produced by their joint effort and skill, and was community property; and plaintiff should have had judgment against defendant for one-half of the same. 1 Sayles' Civ. Stats., art. 2852; Conner v. Hawkins, 66 Texas, 639; Cleveland v. Cole, 65 Texas, 402; De Blane v. Lynch, 23 Texas, 25; Forbes v. Dunham, 24 Texas, 611; Seligson v. Staples, 1 W. & W. C. C., sec. 1071.

*Sheeks & Sheeks*, for defendant in error.—None of the money or property held by the defendant ever belonged to the community. The lot was bought with money received by the defendant in error under his contract with R. Bertram and others, made March 2, 1878. This was part of the purchase money of the property sold by the defendant and his first wife, Emilie. Neither of the parties have any money or property except that which was received by him under that contract. Rose v. Houston, 11 Texas, 326; Love v. Robertson, 7 Texas, 6; Hamilton v. Brooks, 51 Texas, 145; McIntyre v. Chappell, 4 Texas, 187.

COLLARD, ASSOCIATE JUSTICE.—The question in this case is whether an annuity created in favor of the husband before marriage is his separate estate, or community of himself and wife.

The question arises in a divorce suit by the plaintiff in error, Mrs. Johanna Krohn, against her husband, defendant in error, Charles Krohn.

The court below granted the divorce, and gave judgment in favor of the husband for the amount of the annuity in his hands, and for the lot purchased by him after marriage with funds received by him as part of the annuity.

Plaintiff in error complains of the latter judgment in favor of the husband, claiming that the property was community property of the parties.

The instrument creating the annuity is as follows:

"*State of Texas, County of Travis.*—Know all men by these presents, that we, Charles Krohn and his wife, Emilie Krohn, for consideration herein after set forth, and upon a full compliance in each and every respect with the said herein set forth conditions, have granted, bargained, sold, and conveyed, and by these presents we do hereby grant, bargain, sell, and convey the following described property, to R. Bertram and his wife, Bertha, one-fourth interest; to John F. Heinantz and his wife, Emilie, one-fourth interest; to William Brueggerhoff and his wife, Mary, one-fourth interest; and to William Brueggerhoff, in trust, that Ernst Krohn take the net rents during his life, and after his death for the children of said Ernst Krohn, one-fourth interest in said property, which property consists of one and a half city lots fronting on Congress Avenue, in the

city of Austin, and improvements thereon, and being lot number 1 and the south half of lot number 2 in block number 124 of the said city of Austin, and fronting on Congress Avenue in said city, together with all and singular the rights, tenements, and appurtenances thereto belonging.

" To have and to hold, one-fourth thereof to said R. Bertram and his said wife; one-fourth thereof to said John F. Heinantz and his said wife; one-fourth thereof to said William Brueggerhoff and his said wife; and one-fourth interest to said William Brueggerhoff, trustee, etc., so long as they shall fully comply with the terms and conditions herein set forth, and upon their full compliance, then in fee simple forever. The said property is charged with the conditions and burdens, and the estate therein is defeated by the nonperformance of the conditions, following: It is expressly stipulated, that there shall be paid by the said R. Bertram, John F. Heinantz, and William Brueggerhoff, on the first day of each month, at some bank in the city of Austin to be designated by the said Charles Krohn, $100 in United States currency or silver coin, as the said Charles Krohn may choose. The one-fourth of which is to be paid out of the rents of the one-fourth interest held by said William Brueggerhoff as trustee, and which is a charge on said trust property. By taking this deed the said R. Bertram, John F. Heinantz, and William Brueggerhoff are further obliged to pay all outstanding indebtedness of the said Charles Krohn, which payment is a condition precedent to their taking possession of the property; and the one-fourth of the sum which they shall so pay with their own funds shall be charged upon the one-fourth interest conveyed in trust to said William Brueggerhoff; and the said William Brueggerhoff, as trustee, is and shall be authorized to apply the rents of the said trust estate, after taxes and repairs, to the keeping down of interest and payment of any loan made to meet the payment of the said charge upon said trust estate. It being the intent herein to charge the one-fourth of all the burdens in payment of debts, taxes, and repairs of the property and in payment of the said monthly installments specified upon the share so conveyed to said William Brueggerhoff in trust. It is further stipulated and made a condition in this deed, that no one of said shares or interests shall be sold to a stranger, but any one may purchase the interest of another, until the one-fourth interest held by William Brueggerhoff as trustee shall be turned over as provided herein and the trust be fully executed.

" The said William Brueggerhoff is required to administer carefully said trust, and after discharging the encumbrances herein mentioned, to pay over quarterly the net rents on said one-fourth interest so held by him to Ernst Krohn during his lifetime, and after his death to the children of said Ernst Krohn, said children to receive, as they shall become of age, his or her proportional interest in said one-fourth interest. It is fur-

ther stipulated and made part of this conveyance, that the monthly payments shall be continued to the said Charles Krohn, or to Emilie Krohn, if she survive her husband, and shall be continued so long as either shall live.    Should said parties, Charles and Emilie, ever separate, or said Charles go to Europe, then of said $100, $75 shall be paid to him and $25 shall be paid to said Emilie Krohn; but on death of either, the survivor to have the whole of said monthly payment.    It is further expressly imposed as a condition to the estate passed herein, that the taxes shall be paid and the buildings kept in good repair, and the said monthly payments regularly made, and upon the failure in the regular payment, in whole or in part, then the estate herein conveyed shall cease, and on the option of said Charles Krohn (or of Emilie Krohn, she surviving), he can receive possession, without repayment on his part of any money he may have received.    It being expressly and distinctly understood, that said Charles and Emilie Krohn shall during their lifetime, and that of the survivor of them, receive $100 a month as aforesaid, and that the estate conveyed herein shall continue only while and during the time when said regular payments shall be made, and that the estate shall cease and this conveyance become void upon the failure by the grantees in making such payments; nor shall the failure of said Charles Krohn and Emilie, or of either, or of the survivor, to take advantage of such failure, or of any breach of the conditions annexed as necessary to the continuance of this estate, be a waiver of the right to enter and hold for any breach at any subsequent time.    This contract to be recorded, and upon such record a certified copy from such record shall be, in the hands of any party in interest, admissible in evidence as the original.''

Emilie Krohn, named in the foregoing instrument, first wife of Charles Krohn, died prior to 1884, thus vesting in him the sole right to the annuity, after which he and plaintiff intermarried.

There is no statement of facts.    The court's findings of facts are taken as true, and we adopt the same.

*Opinion.*—Whether treated as an annuity or as a debt due Charles Krohn for the purchase money of the real estate conveyed by the foregoing instrument, the amount due him thereon would be his separate estate.    It was acquired by him before marriage with plaintiff, and could not be acquests or gains of the marital partnership.    It would be of the same nature, and vest as any other property acquired before marriage, as the principal upon a promissory note, or any debt wholly created in the husband's favor before marriage.    Rev. Stats., arts. 2851, 2852.

It follows that the lot purchased by him with funds received by him by virtue of the above contract would take the same character as the fund itself, and would be his separate estate.

There was no error in the judgment of the court below as assigned, and it is affirmed.

*Affirmed.*

Delivered November 8, 1893.

Justice KEY did not sit in this case.